**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4644

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE PERRY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Roderick Charles Young, District Judge.  (4:23-cr-00026-RCY-LRL-1)

Submitted:  July 1, 2025                                       Decided:  October 8, 2025

Before GREGORY, THACKER, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Alexandria, Virginia, Eric M. Hurt, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia; Alexandra Michalak, Third Year Law Student, WILLIAM & MARY LAW SCHOOL, Williamsburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Perry appeals the 48-month sentence imposed following his guilty plea to five counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He argues that the sentence is procedurally unreasonable because the district court failed to adequately explain it and did not address his mitigating arguments. We affirm.

"We review the procedural reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Shields*, 126 F.4th 356, 360 (4th Cir. 2025) (internal quotation marks omitted). As relevant here, a sentence is procedurally unreasonable when the district court "fails to explain the sentence adequately . . . [or] fails to address the defendant's nonfrivolous arguments." *United States v. Sueiro*, 59 F.4th 132, 141 (4th Cir. 2023) (internal quotation marks and brackets omitted). To satisfy the explanation requirement, "[a] district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted). As part of the individualized assessment, "the district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Davis*, 130 F.4th 114, 120 (4th Cir. 2025) (internal quotation marks omitted).

"In determining whether there has been an adequate explanation, we do not evaluate a court's sentencing statements in a vacuum." *Id.* (internal quotation marks omitted). Rather, we "may discern the [district] court's rationale from the context surrounding its

2

explanation." *United States v. Gaspar*, 123 F.4th 178, 183 (4th Cir. 2024) (internal quotation marks and brackets omitted). Moreover, a "[d]istrict court[] need not spell out [its] responses to [the] defendant['s] arguments" provided that the context "make[s] it patently obvious that the district court found the defendant's arguments to be unpersuasive." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks, citation, and brackets omitted). "Engaging counsel in a discussion about the merits of an argument in favor of a particular sentence, for example, may be sufficient to permit a reviewing court to infer that a sentencing court gave specific attention to a defendant's argument." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted).

Here, the district court imposed an upwardly variant sentence of 48 months' imprisonment after discussing the 18 U.S.C. § 3553(a) factors and finding that the Sentencing Guidelines range underrepresented the seriousness of Perry's criminal history. We conclude that the district court adequately explained its chosen sentence in light of the § 3553(a) factors. The district court acknowledged that Perry had a traumatic childhood and had made some progress, but it reasoned that his extensive criminal history and recidivism necessitated a 48-month sentence. Furthermore, while the court did not explicitly discuss Perry's arguments that the age and nature of his prior convictions mitigated their seriousness, the court's detailed review and assessment of Perry's criminal history made clear that it found those arguments unpersuasive. Likewise, in explaining that the § 3553(a) factors justified the sentence imposed, the court impliedly rejected Perry's argument that any deviation from the Guidelines range should comport with a

3

Guidelines provision governing certain upward departures. *See United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011) (holding that court may deviate from Guidelines range either through departure or variance and need not "look to whether a departure is appropriate before varying" (internal quotation marks omitted)).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*